UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED NATIONAL INSURANCE
COMPANY,

        Plaintiff,

    v.

ELITE READY-MIX, LLC,

        Defendant.

Case No. 25-cv-08540-TSH

**ORDER TO SHOW CAUSE RE:
SUBJECT MATTER JURISDICTION**

On October 7, 2025, Plaintiff United National Insurance Company ("United") filed suit against Defendant Elite Ready-Mix, LLC ("Elite"), alleging one claim for Declaratory Relief. Compl. at 8 (ECF No. 1). On December 29, 2025, United filed the operative Second Amended Complaint, alleging two claims: (1) Declaratory Relief of No Duty to Indemnify; and (2) Reimbursement of Settlement Payment. ECF No. 23 at 8–9 ("SAC"). United asserts that the Court has jurisdiction over its claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 and the Declaratory Judgment Act (28 U.S.C. § 2201). SAC at 1. On December 29, 2025, Elite filed an Answer to the SAC. ECF No. 25 ("Answer").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent

obligation to determine whether subject-matter jurisdiction exists.") (cleaned up).

There are two bases for federal subject matter jurisdiction:  (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States," or "citizens of a State and citizens or subjects of a foreign state . . . ."  28 U.S.C. § 1332(a)(1)–(2).

Here, there is no federal question jurisdiction because United does not bring a substantive claim under federal law.  *See* SAC at 8–9 (alleging one claim under federal Declaratory Judgment Act and one claim under California state law); *In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d 1197, 1219 (N.D. Cal. 2014) (holding because declaratory relief is procedural in nature, federal Declaratory Judgment Act governs in a diversity case).  In the SAC, United avers that the Court has diversity jurisdiction under 28 U.S.C. § 1332 and under the Declaratory Judgment Act (28 U.S.C. § 2201).  SAC at 1.  The Declaratory Judgment Act "is a procedural device only; it does not confer an independent basis of jurisdiction on the federal court."  *Guar. Nat. Ins. Co. v. Gates*, 916 F.2d 508, 511 (9th Cir. 1990); *see Rivas Rosales v. Barr*, No. 20-cv-00888-EMC, 2020 WL 1505682, at *3 (N.D. Cal. Mar. 30, 2020) ("However, the Declaratory Judgment Act also does not confer jurisdiction because it creates a remedy, not an independent basis for federal jurisdiction.").  Thus, based on the SAC, federal jurisdiction exists only if diversity jurisdiction exists.  United alleges that it "is a Pennsylvania corporation duly licensed and authorized to engage in the business of insurance in the State of California."  SAC at 2.  United further alleges that Elite "is a California limited liability company" with a principal place of business in California and that complete diversity exists.  *Id.* at 1–2.  Elite alleges that complete diversity does not exist because United "is licensed before the California Dept. of Insurance and is registered with the California Secretary of State."  Answer at 3.

As the party asserting diversity jurisdiction, United bears the burden of proving that

United States District Court
Northern District of California

United States District Court
Northern District of California

diversity jurisdiction exists. *See Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961) ("[T]he burden of proving federal jurisdiction is upon the party asserting it[.]") (citation omitted). A corporation is deemed a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (citing 28 U.S.C. § 1332(c)(1)) (emphasis omitted). "Generally, LLC's are citizens of every state in which their owners/members are citizens." *Prairie Fire, LLC v. Van Vraken Enters., Inc.*, No. 13-cv-2772-JSC, 2013 WL 12149698, at *1 (N.D. Cal. Sept. 26, 2013) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) (cleaned up). As such, United's citizenship depends on its principal place of business, and Elite's citizenship depends on the citizenship of its members and owners. However, United has failed to include any allegations as to its principal place of business or the citizenship of Elite's members and owners.

Accordingly, United is **ORDERED TO SHOW CAUSE** as to (1) the principal place of business of United National Insurance Company; and (2) the citizenship of any members or owners of Elite Ready-Mix, LLC. United shall file a written response to this Order by June 30, 2026. Failure to do so will result in dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: June 23, 2026

THOMAS S. HIXSON
United States Magistrate Judge

3