UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED NATIONAL INSURANCE COMPANY,

Plaintiff,

v.

ELITE READY-MIX, LLC,

Defendant.

Case No. 25-cv-08540-TSH

**ORDER DISCHARGING SHOW CAUSE ORDER; INVITNG PLAINTIFF TO FILE AMENDED COMPLAINT**

On October 7, 2025, Plaintiff United National Insurance Company ("United") filed suit against Defendant Elite Ready-Mix, LLC ("Elite"). Compl. (ECF No. 1). On December 29, 2025, United filed the operative Second Amended Complaint ("SAC"). ECF No. 23. United asserts that the Court has jurisdiction over its claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 and the Declaratory Judgment Act (28 U.S.C. § 2201). SAC at 1. In the SAC, United alleges that it "is a Pennsylvania corporation duly licensed and authorized to engage in the business of insurance in the State of California," and that Elite "is a California limited liability company" with a principal place of business in California. *Id.* at 1–2. Because United failed to include any allegations as to its principal place of business or the citizenship of Elite's members and owners, the Court issued an Order to Show Cause on June 23, 2026, ordering United to provide information regarding its principal place of business and the citizenship of any members or owners of Elite. ECF No. 36.

On June 26, 2026, United responded to the OSC, stating that its principal place of business is in Pennsylvania, and that all of Elite's members are residents of California. ECF No. 37. Having reviewed United's response, the Court is satisfied that it possesses jurisdiction over this matter based on diversity of citizenship. Accordingly, the Court **DISCHARGES** the show cause

order.

However, the Ninth Circuit has held "that a district court may not establish diversity of citizenship purely by judicial notice." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025). The court reiterated that the party invoking federal subject matter jurisdiction "*always* bears the burden of *both pleading and proving* diversity jurisdiction." *Id.* at 1175 (emphasis in original) (citation omitted). And the court explained that federal courts "have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction." *Id.* at 1177 (cleaned up); *see* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Here, because United does not allege its principal place of business or the citizenship of Elite's members in the SAC, United does not allege facts in the SAC establishing that complete diversity exists between the parties. *See generally* SAC. While United includes information about its principal place of business and the citizenship of Elite's members in its response to the Court's OSC, the Court cannot take judicial notice of that filing for the purpose of establishing that complete diversity exists. *Rosenwald*, 152 F.4th at 1174. Therefore, as in *Rosenwald*, the Court invites United to amend its jurisdictional allegations because inviting amendment does not prejudice either party and doing so would not be futile. *Id.* at 1177.

Accordingly, United may file an amended complaint by July 7, 2026, to cure its defective allegations of jurisdiction. United shall only amend its allegations of jurisdiction; the Court does not grant United leave to amend any other allegations in the SAC.

**IT IS SO ORDERED.**

Dated: June 29, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2